### HEPPENSTALL et al. v. BAUDOUINE.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

Appeal from Special Term.

Action by Albert Heppenstall and others, as trustees for. Luke Gledhill & Co., and others, against John F. Baudouine. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Affirming order 60 Misc. Rep. 620, 113 N. Y. Supp. 849.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John A. Garver, for appellant.

M. B. Sanborn, for respondents.

PER CURIAM. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer within 20 days, on payment of costs in this court and in the court below.

McLAUGHLIN, J. (dissenting). The defendant demurred to the complaint upon the ground that the facts stated did not constitute a cause of action. The demurrer was overruled, and he appeals. The other members of the court are of the opinion the judgment should be affirmed, but I have been unable to reach that conclusion.

The purpose of the action is to recover a judgment on certain claims of defendant's creditors, and the sole basis of the plaintiffs' right to maintain the action is predicated upon a written agreement, copy of which is set forth in the complaint. At the time the agreement was executed the defendant admitted the indebtedness and that he was unable to pay the same. The agreement then recites that one of the creditors had entered judgment for a portion of his claim and that the others were threatening to commence actions; that the defendant had no property immediately available with which to satisfy the judgment or claims, but that he was entitled under the will of his grandfather to the income from a trust fund held for his benefit, together with a life interest in an additional share of income upon the termination of a prior estate; that he was willing from time to time to make payments from such income. The names of the creditors were then given, and the amount due each stated, and the defendant agreed to make certain monthly payments to three trustees, two of whom are the plaintiffs, and the other a successor of the third, and, in case he succeeded to the additional share of income, to pay over the whole of it to the trustees "in lieu of the amount agreed to be paid as aforesaid out of the income now receivable by him." He further agreed to have his life insured for $30,000, and deliver the policies to the trustees, pay the annual premiums thereon, and in case of death the trustees were to collect the insurance and apply the proceeds, so far as necessary, to the payment of the claims in full—the surplus, if any, to defendant's legal representatives. The creditors expressly reserved the right to bring actions if they saw fit to do so, as appears by the following provision in the agreement: "So long as the said Baudouine makes no default in the performance of the obligations imposed on him under this agreement, no suit or legal proceeding shall be commenced against him by either of the above-named creditors in respect of the claims hereinbefore referred to, except that either or any of the said creditors may commence suits on their said respective claims by the service of a summons and complaint, and thereupon the said Baudouine shall interpose no defense; but the plaintiff's attorney shall give to him or to his

attorney a stipulation, entitled in the suit, to the effect that so long as the terms of this agreement are fully observed by the said Baudouine no judgment shall be entered in said suit, and that on the full payment of the said claim as herein provided the said suit shall be discontinued, without costs to either party as against the other." Only a few payments were made, and this action is brought to recover the balance of such claims, less the payments.

When the whole agreement is considered, I do not think it is susceptible of the construction of an absolute promise on the part of the defendant to pay to the trustees (the plaintiffs) the claims in question, except out of the income received from the trust estate referred to. Defendant's liability upon these claims was expressly admitted; but there is nothing to show an intention by any of the parties to the agreement that the then existing obligation of the defendant to pay his creditors was extinguished and a new obligation created in favor of the trustees for their benefit. The plaintiffs certainly did not succeed to the legal title of the creditors, because no assignment was made and the creditors expressly reserved the right in case of default in payments to bring action, if they saw fit. The agreement is not an assignment. It is, in effect, only a collateral agreement to make certain payments on account of these claims out of the income. The liability of the defendant to the creditors continued as before. When the whole agreement is read in the light of the obvious purpose for which it was made, it seems to me the only fair construction which can be put upon it is that it was an agreement to make certain payments out of the income, when received, upon the claims in question. The agreement, it will be observed, recites that the defendant is willing "to make payments to the creditors from his said share of said income from time to time on account of their claims." This recital is followed by a provision that if, through the death of the prior beneficiary, defendant should become entitled to the income from the additional trust fund, then "the amount of such additional share of income shall be paid by him to the said trustees when and as received by him until said claims are fully paid, in lieu of the amount agreed to be paid as aforesaid out of the income now receivable by him." To hold that there is an absolute promise to pay, without regard to whether income was received or not (and this must be held under the allegations of the complaint to enable the plaintiffs to maintain the action), is to entirely disregard the words just quoted, "in lieu of the amount agreed to be paid as aforesaid out of the income now receivable by him." If it were not intended that the payments should be made out of the income, then these words were meaningless, and especially so when read in connection with the recital before quoted.

There is no allegation in the complaint that any income has been received from the trust fund other than that which has been paid to the plaintiffs, and for these reasons I am of the opinion that the complaint fails to state a cause of action, and the judgment should be reversed, with leave to the plaintiffs to serve an amended complaint, upon payment of the costs in this court and in the court below.